UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ANGARCIA HERNANDEZ,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT<br>Respondent. | Case No. 1:26-cv-08297 (EJD)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 2 |

Petitioner Roberto Angarcia Hernandez filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and motion for a temporary restraining order contending that his re-detention by ICE violates his due process rights and the Immigration and Nationality Act. *See* Dkt. No. 1 at 9–11; Dkt. No. 2. Respondents oppose relief, arguing that the revocation of Petitioner's Order of Supervision ("OSUP") was lawful under 8 C.F.R. § 241.13(i)(1). Dkt. No. 8 at 2. For the reasons that follow, the Court DENIES the petition without prejudice and resolves the motion for a temporary restraining order as moot.

## I. BACKGROUND

Petitioner is a native and citizen of Cuba. *See* Dkt. No. 8-1 at 1. In 2001, he was ordered removed. *Id*. After failing to execute Petitioner's removal order, the Department of Homeland Security released him on an OSUP. *See* Dkt. No. 8-5 at 1. One of the conditions of his release was that he "not commit any crimes" while on the OSUP. *Id*. at 3.

Between 2006 and 2026, Petitioner was arrested several times and was convicted of several criminal offenses. *See* Dkt. No. 8-4 at 1–48. In July 2026, Petitioner was arrested by the Miami Beach Police Department for camping in a prohibited area. *Id*. at 48. ICE took Petitioner into



United States District Court
Eastern District of California

custody following his release from Miami Dade County Jail on or around September 16, 2026. Dkt. No. 8-2 at 1–2. That same day, Petitioner was served with a Notice of Revocation of his Release, which stated that he had violated one of the conditions of his release due to his recent arrest. Dkt. No. 8-3 at 1–2. Respondents contend that he received an informal interview shortly thereafter. *See* Dkt. No. 8 at 2.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Under 8 U.S.C. § 1231(a)(6), "[a]n alien ordered removed who is inadmissible under section 1182 of this title, removable under section ... 1227(a)(2) ... of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may be detained beyond the removal period* and, *if released, shall be subject to ... terms of supervision*." 8 U.S.C. § 1231(a)(6) (emphasis added). The regulations codified at 8 C.F.R. §§ 241.4 and 241.13 govern the parameters for re-detention where a noncitizen is released on an OSUP following a removal order. *See Hernandez-Castro v. Lyons, et al.*, No. 1:25-CV-01574-JLT-SAB, 2025 WL 3771344, at *4–5 (E.D. Cal. Dec. 31, 2025).

"Any alien who has been released under an order of supervision … who violates any of the

United States District Court
Eastern District of California

conditions of release may be returned to custody .... [and] [t]he alien may be continued in detention for an additional six months in order to effect the alien's removal, if possible, and to effect the conditions under which the alien had been released." 8 C.F.R. § 241.13(i)(1) (emphasis added). On September 16, 2026, DHS determined that Petitioner had violated the condition that he "not commit any crimes" due to his recent arrest, and revoked his OSUP on that basis. *See* Dkt. No. 8-3 at 1–2. As Petitioner's detention has not surpassed six months, it is still authorized under 8 C.F.R. § 241.13(i)(1). *See* Dkt. No. 1 at 4; *Chansombath v. Warden of Mesa Verde Detention Facility*, No. 1:26-CV-05384-JLT-HBK, 2026 WL 2279592, at *3 (E.D. Cal. Aug. 7, 2026) (denying habeas petition where noncitizen's OSUP was revoked for a criminal conviction and six months had not passed); *Tran v. Warden, California City Correctional Center*, No. 1:26-CV-04098-DAD-CKD (HC), 2026 WL 2099295 (E.D. Cal. July 21, 2026) (explaining that detention was no longer authorized because six months had passed). Further, Respondents provided Petitioner with the procedural protections applicable to individuals who have had their post-removal OSUP revoked. *See* 8 C.F.R. § 241.13(i)(3) (describing revocation procedures, which include conducting an informal interview promptly after a return to custody). Accordingly, Petitioner's detention is lawful at least until six months has expired.

## IV. CONCLUSION AND ORDER

Accordingly, the petition for writ of habeas corpus is DENIED. This order in no way prohibits Petitioner from raising a renewed claim for relief if his detention continues beyond the six months authorized by § 241.13(i)(1). The Clerk of Court is directed to close this case and enter judgment for Respondents. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 27, 2026

EDWARD J. DAVILA
United States District Judge